```
           IN THE UNITED STATES DISTRICT COURT
                        FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA
```

MICHAEL SANCHEZ,               :
      Petitioner      :
                      :
    v.                        :   CIVIL NO. 3:CV-14-30
                      :
WARDEN D. ZICKEFOOSE,          :   (Judge Conaboy)
                      :
      Respondent      :

FILED SCRANTON APR 15 2015 PER ___ DEPUTY CLERK

## MEMORANDUM
### Background

Michael Sanchez filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood). Named as Respondent is USP-Allenwood Warden Zickefoose. Service of the petition was previously ordered.

Petitioner seeks federal habeas corpus relief regarding events which transpired while he was previously confined at the Federal Correctional Institution, Forest City, Arkansas (FCI-Forest City). Specifically, on June 7, 2012, Sanchez states that he was issued an institutional misconduct by FCI-Forest City Correctional Officer Davenport as the result of a large prisoner disturbance which involved approximately 95 Hispanic inmates. The Petitioner was charged with the assault of another prisoner which transpired during the incident.

Following a June 14, 2012 proceeding before Disciplinary Hearing Officer (DHO) Ward, the Petitioner was found guilty of aiding and abetting in attempted assault. As a result, Sanchez received multiple sanctions including a forty-one (41) day loss of good conduct time.

According to Petitioner, the DHO's decision was not supported by substantial evidence because the reporting officer did not witness the alleged assault. See Doc. 1, ¶ III. Sanchez adds that the DHO's reliance on the Sentry Quarters Roster and statements was insufficient to establish his guilt. Petitioner next maintains that his due process rights were also denied because the DHO improperly amended the charges and did not permit him to view video or photographic evidence. He adds that the misconduct and resulting sanctions were the result of a conspiracy by correctional officials to force Sanchez to disclose information about other prisoners.

Respondent recently filed a "Suggestion of Mootness" indicating that Petitioner was released from federal custody on February 13, 2015. See Doc. 16, p. 1. In light of that development, Respondent seeks dismissal of this action on the grounds that Sanchez's release from custody has mooted his claims. See id. at p. 3.

**Discussion**

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable."

The United States Supreme Court in Wolff v. McDonnell, 418 U.S. 539, 563-73 (1974), held that a prisoner deprived of good time credits as a sanction for misconduct is entitled to certain due process protections in a prison disciplinary proceeding. Wolff noted that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Id. at 556. Nonetheless, the Supreme Court held that a prisoner facing a loss of good time credits is entitled to some procedural protection. Id. at 563-71.

A subsequent Supreme Court decision, Sandin v. Conner, 515 U.S. 472, 480-84 (1995), reiterated that the due process

3

safeguards set forth in Wolff must be provided when the challenged disciplinary proceeding results in a loss of good time credits. See also Young v. Kann, 926 F.2d 1396, 1399 (3d Cir. 1991) (a federal prisoner has a constitutionally protected liberty interest in good time credit). Since it is undisputed that Sanchez was sanctioned by the DHO to a loss of good time credits which adversely affected the duration of his ongoing federal confinement, his challenge to his FCI-Forest City disciplinary proceedings was appropriate for federal habeas corpus review at the time this matter was filed.

However, "parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Once a habeas corpus petitioner is released from custody, a federal court's authority to adjudicate the controversy is called into doubt. See Burkey v. Marberry, 556 F.3d 142, 147-48 (3d Cir. Feb. 18, 2009). This is due to the fact that federal courts can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and this limitation subsists "through all stages of federal judicial proceedings. . . ." Id. see also Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy)" (emphasis in original). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy

. . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As explained in Burkey in the context of a habeas corpus challenge to the execution of a sentence under 28 U.S.C. § 2241, "[i]ncarceration satisfies the case or controversy requirement; it is a concrete injury." Burkey, 556 F.3d at 147. However, once the petitioner has been released, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." Id. See also United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008).

The Supreme Court in Spencer v. Kemna, 523 U.S. 1, 7 (1998), held that release of a petitioner from custody on a parole violator term deprived federal courts of the power to act. Significantly, the Court found that there were no "collateral consequences" remaining after expiration of the parole violator term sufficient to animate the matter with a case or controversy capable of concrete redress, explaining that federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18. See also United States v. Kissinger,

309 F.3d 179, 181-82 (3d Cir. 2002) (a petitioner unconditionally released from probation cannot maintain challenge to sentence received for violating the terms of probation); Lane v. Williams, 455 U.S. 624, 632-34 (1982).

Similarly, "[g]ood time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." Scott v. Schuylkill, FCI, 298 Fed. Appx. 202, 204 (3d Cir. 2008). Thus, once a prisoner is placed on supervised release, his § 2241 petition challenging a prison disciplinary hearing which resulted in a loss of good time credit is subject to dismissal on the basis of mootness. See id.

Petitioner has not shown that he is suffering any collateral consequences as required under Spencer and Kissinger stemming from his FCI-Forest City disciplinary hearing. As noted in Scott, the types of habeas claims asserted herein are mooted once a federal inmate is released from imprisonment. Moreover, the only relief requested by Petitioner is that his forfeited good conduct time be reinstated. Since he has been afforded release from federal custody, a finding of mootness is appropriate.

In conclusion, Sanchez's release from federal custody has caused his instant habeas corpus petition to become moot since

it no longer presents an existing case or controversy. Accordingly, the petition will be dismissed. An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge